UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00226-FDW-DSC-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | ORDER |
| (3) CLAUDE BERNARD MCRAE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's *pro se* Motion for Compassionate Release (Doc. No. 198). For the reasons which follow, the undersigned **DENIES** Defendant's Motion for Compassionate Release.

**I. BACKGROUND**

Defendant, Claude Bernard McRae, was tried before a jury and convicted of conspiracy to commit health care fraud. (Doc. No. 132, p. 1). This Court sentenced Defendant to 88 months imprisonment, followed by three years of supervised release, and an order to pay $1,615,499.22 in restitution. Id. at 2-4. Defendant is currently imprisoned at the Bureau of Prisons (BOP) facility in Pensacola, Florida (FPC). According to BOP, Defendant's statutory release date is projected as April 15, 2021. He will have served two-thirds of his sentence on December 4, 2021. His current projected release date is April 15, 2022.

Defendant filed a Notice of Appeal in 2016, to which the Fourth Circuit Court of Appeals affirmed his conviction and sentence in 2017. In 2018, Defendant filed a Motion to Vacate, asserting ineffective assistance of counsel and that the Court erred in sentencing him, to which he

1

requested an evidentiary hearing. (Doc. No. 204, p. 5). This Court dismissed his motion, rejecting both of his assertions. Id. at p. 11-13. Defendant filed the present motion for compassionate release on May 27, 2020. (Doc. No. 198).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion, Defendant states he has sleep apnea, hypertension, and suffers from obesity. Id. at ¶ 5. Defendant's essential argument is that he qualifies for Compassionate Release because his medical conditions, coupled with the difficulties related to social distancing and FPC's precautionary measures, creates a personal belief that "[he has] a heightened risk of contracting, and having a severe negative outcome from COVID-19." Id. at ¶¶ 5-18.

Additionally, Defendant contends that he has submitted the requisite request for sentence reduction to the Warden at FPC, but asks the Court to waive the 30 day review period set out in United States Code Title 18, Section 3582(c)(1)(A) due to the urgent nature of his request. Id. at ¶ 19. Defendant, however, fails to provide evidence that he has submitted a request to the Warden in order to properly exhaust his administrative remedies with the BOP, nor has he provided a specific reason or qualifying circumstance under United States Code Title 18, Section 3582(c)(1)(A) that suggests this Court should release him from his sentence early. Further, the factors listed in 18 U.S.C. § 3553(a) do not weigh in favor of his release.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

2

the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

> (ii) The defendant is –

>> (I) suffering from a serious physical or medical condition,

>> (II) suffering from a serious functional or cognitive impairment, or

>> (III) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

The government first contends that Defendant has not exhausted his administrative remedies with the BOP. The government states that "Counsel for BOP informed the undersigned on June 10, 2020, that Defendant has not filed any requests for compassionate release with BOP." (Doc. No. 202, p. 8). As of September 21, 2020, the government notes that the "[DOJ]'s position is now that the limitations in § 3582(c)(1)(A) (the "exhaustion" requirement) and Rule 35 are mandatory claim-processing rules and not jurisdictional limitations. As claim-processing rules, these limitations rules must be applied when the government invokes them, and courts may (but need not) invoke them *sua sponte*." (Doc. No. 209, p. 1). Because it is mandatory, Defendant must exhaust his administrative remedies with the BOP before asking the Court for relief. Id.

Further, the government contends that even if he had exhausted his remedies, he has not

4

shown any extraordinary or compelling reasons to reduce his sentence. (Doc. No. 202, p. 15). Specifically, the Pre-Sentencing Report ("PSR") indicates that, at the time of sentencing, Defendant "describes his physical health as good and he is not under the care of any physician nor prescribed any medications" (Doc. No. 111, ¶ 87). Also, Defendant's BOP medical records have no record of sleep apnea or hypertension. (Doc. No. 202, p. 16). While obesity is a considered a greater risk factor for COVID-19 complications, the CDC states that an individual must have a body mass index of 40 or greater to be considered 'at risk'. Id. Utilizing Defendant's height and weight information at the time of his PSR, the CDC's body mass index calculator indicates his body mass index to be a 31.93. Id. Therefore, the government contends that Defendant's alleged health conditions are not extraordinary and compelling reasons to justify his release from prison. Id.

Further, the government argues that Defendant's additional complaints regarding the FPC facility and COVID-19 precautions are not extraordinary and compelling reasons for release. Id. at 17. Presently, the data and reporting from the BOP regarding the pandemic suggests that FPC has 15 positive COVID-19 cases.[2] The government suggests that the conditions Defendant complains of are likely the conditions keeping COVID-19 cases low. Id. at 17. FPC has provided masks to all inmates, developed a 'quarantine room' for sick inmates should any future cases arise, and is no longer receiving new inmates at this time. Id. Given the facility's protections against the COVID-19 pandemic and the increasing availability of COVID-19 vaccines to inmates, Defendant is not in imminent danger.

Defendant has failed to demonstrate the existence of "extraordinary and compelling

[2] As of the date of this Order, FPC currently has 15 active COVID-19 inmates out of 333 total inmates in the facility. https://www.bop.gov/coronavirus/

reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i). Further, there is no evidence that BOP cannot care for Defendant adequately, nor has he exhausted his administrative remedies with the BOP. Thus, Defendant has failed to make the required showings under § 3582(c)(1)(A) and § 3582(c)(1)(A)(i).

*Even if* Defendant exhausted his administrative remedies *and* he is qualified for release due to extraordinary and compelling reasons for his health and facility concerns, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a).

Defendant defrauded Medicaid, a government health care system that provides care to some of the most vulnerable of the nation's population, for millions of dollars. (Doc. No. 111, ¶ 36). In Defendant's motion, he stated that "[a]t sentencing, I accepted full responsibility for the charged offense." (Doc. No. 198, ¶ 1). Defendant requested a jury verdict, subsequently appealed that verdict and had his conviction reaffirmed, and then filed a motion to vacate his conviction; therefore, he did not in fact accept full responsibility. (Doc. Nos. 178, 191). At his sentencing hearing, "[t]he Court specifically addressed the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law, general and specific deterrence, and the need to avoid unwarranted sentencing disparities among defendants." (Doc. No. 133, p. 4). Modifying Defendant's sentence would go against the

purpose articulated by the Court during his sentencing.  Considering the effect modification would have on the purpose of Defendant's sentence, as well as the 3553(a) factors, Defendant's Motion for Compassionate Release (Doc. No. 198) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 198) is **DENIED**.

IT IS SO ORDERED.

Signed: February 25, 2021

Frank D. Whitney
United States District Judge

7